**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**AMERICAN CASUALTY COMPANY
OF READING, PA.,**

    **Plaintiff,**

**v.**                                                                 **Case No:5:11-CV-13-Oc-10PRL**

**BOB WINES NURSERY, INC.,
ROBERT L. WINES and AERO
FINANCIAL, INC.**

    **Defendants.**
_____/

**ORDER**

Pending before the Court is Defendant Aero Financial, Inc.'s Renewed Motion to Extend Deadlines, Or, In the Alternative, for Leave to Depose Corporate Representative by August 27, 2012. (Doc. 44).  Plaintiff, American Casualty Company of Reading, P.A ("American Casualty") filed a response in opposition. (Doc. 45).

The Court previously denied Defendant, Aero Financial, Inc.'s ("Aero") request to extend the case deadlines because Aero had not shown the requisite good cause to reopen discovery.  (Doc. 43). However, the Court advised that it would entertain another motion to reopen discovery if such motion provided sufficient explanation as to why discovery should be reopened and if the discovery sought was considerably more narrowly tailored. (Doc. 43).

Aero has now renewed its motion clarifying that it seeks discovery solely focused on American Casualty's claim that the "Violation of Statutes" exclusion is part of the subject renewal policy pursuant to §627.728, Fla. Stat.  This "Violation of Statutes" exclusion is central to Aero's defense and has been plead since the beginning of this

action. Aero's counsel acknowledges that the only reason the 30(b)(6) deposition was not timely conducted was a calendaring error on his part. Under these circumstances, the Court will reopen discovery to allow Aero to depose American Casualty's 30(b)(6) witness. The Court, however, will not allow Aero to serve any document requests on American Casualty. As Aero points out, the proposed document requests are identical to previous discovery requests timely served during the discovery period. Because American Casualty has an ongoing obligation to supplement discovery responses (see Fed.R.Civ.P. 26(e)), there is no need for Aero to serve identical document requests.

Aero requests that the Court extend the discovery and dispositive motion deadlines by sixty (60) days so that it can pursue discovery on this issue. Alternatively, Aero represents that it can conduct the 30(b)(6) deposition by August 27, 2012, which would allow the parties to maintain the September 6, 2012 dispositive motion deadline. The Court finds that the latter is the most appropriate solution because Aero has not identified any specific discovery (other than the 30(b)(6) deposition) that it would need to conduct and the Court is confident that the parties can work together to complete this deposition by August 27, 2012.

Accordingly, Defendant Aero Financial, Inc.'s Renewed Motion to Extend Deadlines, Or, In the Alternative, for Leave to Depose Corporate Representative by August 27, 2012 (Doc. 44) is **GRANTED** to the extent that discovery is reopened for the limited purpose of Aero deposing American Casualty's corporate representative by **August 27, 2012**.[1] The parties shall confer to find a mutually convenient time to

---

[1] As American Casualty points out, Aero failed to confer before filing this Motion and unilaterally selected the date for the "Amended Notice of Deposition Pursuant to Fed.R.Civ.P. 30(b)(6)." While the instant Motion could have been stricken for failure to

2

conduct this deposition within the above time frame. Aero is not permitted to serve any further document production requests on American Casualty.

      **DONE** and **ORDERED** in Ocala, Florida on August 13, 2012.

                                            PHILIP R. LAMMENS
                                            United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

comply with various rules, in efforts to move this case forward, the Court has considered the instant Motion on its merits.  Going forward, the Court expects counsel for Aero to comply with the obligations imposed by the Federal Rules of Civil Procedure and the Local Rules governing this Court.